UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
ZAIRE PAIGE-BEY,

        Plaintiff,

  - against -

OFFICER RASHAN LACOSTE and
OFFICER DAVID LAWRENCE,

        Defendants.
------------------------------------------------------------------x

**<u>MEMORANDUM AND ORDER</u>**
13-CV-7300 (RRM) (RER)

ROSLYNN R. MAUSKOPF, United States District Judge.

      Currently before the Court is a motion pursuant to Rule 56 of the Federal Rules of Civil

Procedure, (Doc. No. 69), which seeks summary judgment with respect to the malicious

prosecution claim against defendant Officer Rashan LaCoste – the last remaining claim in this

action.  This motion is procedurally defective, however, because Defendant's Statement Pursuant

to Local Civil Rule 56.1, (Doc. No. 70), pertains to an unrelated case – *Rodriguez v. City of New

York*, No. 16-CV-5861 (NG) (RER) – and not to this case.  In light of this apparently inadvertent

defect, defendant's motion is denied with leave to renew.

      Local Civil Rule 56.1(a) of the Local Rules of the States District Courts for the Southern

and Eastern Districts of New York requires a party moving for summary judgment to provide "a

separate, short and concise statement, in numbered paragraphs, of the material facts as to which

the moving party contends there is no genuine issue to be tried."  Each paragraph "must be

followed by citation to evidence which would be admissible" at trial.  Local Civil Rule 56.1(d).

Failure to submit the statement required by Rule 56.1(a) may constitute grounds for denial of the

motion.  *See* Local Civil Rule 56.1(a).

      In this case, defendant has not only failed to provide a Rule 56.1 Statement relating to

this case but also cites to paragraphs of the nonexistent Rule 56.1 Statement, rather than to the

evidence supporting those paragraphs, in his Memorandum of Law in Support of the Motion for Summary Judgment. For example, defendant's memorandum of law cites to paragraph 5 of the Rule 56.1 Statement to support the proposition that "it is undisputed … that plaintiff was not dragged inside the apartment nor beat up by any officer during the course of the August 16, 2008 arrest." (Defendant's Memorandum of Law (Doc. No. 73) at 8.) It is the movant's burden to show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Absent a Rule 56.1 Statement providing evidentiary support for this assertion, defendant has not met his burden. Accordingly, defendant's motion for summary judgment is denied.

Defendant's failure to provide a proper Rule 56.1 Statement appears to have been inadvertent. Ironically, defendant argues in his Reply Memorandum of Law that the statements of material fact set forth in his nonexistent Rule 56.1 Statement should be deemed admitted because plaintiff failed to controvert them. (Defendant's Reply Memorandum of Law (Doc. No. 74) at 1.) Defendant clearly would not have made such an argument had he realized his omission.

Since defendant's failure to provide a Rule 56.1 Statement appears inadvertent, the Court will grant defendant leave to renew his motion for summary judgment within 30 days of the date of this Memorandum and Order. Plaintiff shall have 30 days from receipt of defendant's motion in which to serve his response on defendant. Plaintiff is advised that his response must also include a Rule 56.1 Statement, which must "include a correspondingly numbered paragraph responding to each numbered paragraph in the [Rule 56.1] statement of the moving party, and if necessary, additional paragraphs containing a separate, short and concise statement of additional material facts as to which it is contended that there exists a genuine issue to be tried." Local

Civil Rule 56.1(b). Each paragraph in plaintiff's Rule 56.1 Statement, "including each statement controverting any statement of material fact, must be followed by citation to evidence which would be admissible" at trial. Local Civil Rule 56.1(d). Unless plaintiff files a Rule 56.1 Statement which complies with these requirements, the statements of material fact set forth in defendant's Rule 56.1 Statement may be deemed admitted. *See* Local Civil Rule 56(c).

## CONCLUSION

For the reasons set forth above, defendant Officer Rashan LaCoste's motion for summary judgment is denied with leave to renew. Defendant shall serve his motion for summary judgment, including a proper Rule 56.1 Statement and the notice required by Local Civil Rule 56.2, on plaintiff within 30 days of the date of this Memorandum and Order. Plaintiff shall have 30 days from his receipt of defendant's motion in which to mail a response to the New York City Department of Law. Defendant shall have 15 days from his receipt of plaintiff's response in which to serve a reply on plaintiff, to electronically file a copy of the fully briefed motion with the Court, and to mail courtesy a courtesy copy of all motion papers to chambers. The Clerk of Court is respectfully requested to mail a copy of this Memorandum and Order to the *pro se* plaintiff.

SO ORDERED.

Dated: Brooklyn, New York
     March 31, 2020

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge